# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS GRAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-361-MJR |
| | ) |
| HARRELL WATTS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Curtis Graves, an inmate in the United States Penitentiary in Marion, Illinois, brings this action pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 702, 706(2)(A). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Graves refused to participate in the Inmate Financial Responsibility Program ("IFRP") and

was "involuntarily placed" on "refusal" status. As such, he is limited in the amount of money he may spend at the commissary each month. In his action, he asserts that Defendants do not have the authority to enforce and collect a court-ordered judgment under the IFRP. He argues that if the sentencing court's final judgment filed to specify a payment plan, the Bureau of Prisons ("BOP") is not empowered to create such a payment plan. Graves is mistaken; his argument is foreclosed by *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1999). *See also United States v. Ellis*, 522 F.3d 737, 739 (7th Cir. 2008).

In *McGhee,* the Seventh Circuit held that when a district court orders immediate payment of a fine, it is not an impermissible delegation for prison authorities to set the payment schedule. *Id.* at 886. Ordering immediate payment is not an improper delegation, because "such directives generally are interpreted to require not immediate payment in full but 'payment to the extent that the defendant can make it in good faith, beginning immediately.' " *Id.* (quoting *United States v. Jaroszenko,* 92 F.3d 486, 492 (7th Cir. 1996)). An order that a fine or restitution be paid "in full immediately" does not preclude the BOP through the IFRP from ensuring that a defendant makes good-faith progress toward satisfying his debt. *McGhee,* 166 F.3d at 886.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Graves is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 12th day of May, 2009.**

          **s/ Michael J. Reagan**
          **MICHAEL J. REAGAN**
          **United States District Judge**